R.C. 2929.12(A) requires the court when imposing sentence "to consider the factors . . . provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism . . ." Among those, division (D) provides that "(1) At the time of committing the offense, the offender was . . . under post-release control pursuant to . . . any . . . provision of the Revised Code for an earlier offense."
The prosecuting attorney represented to the court at the sentencing proceeding that, had the case gone to trial, the State would have offered the testimony of Nick Knickerbocker to show that, prior to his arrest on May 18, 1998, Defendant-Appellant was "casing" the home of Mr. Miller, whom he was convicted of robbery at gunpoint in the parking lot of Miller's business on October 29, 1997. Presumably, this evidence would show that Defendant-Appellant planned to commit a subsequent theft offense involving the same victim. The prosecuting attorney summarized his presentation by stating:
 So the point is, Your Honor, he robbed Mr. Miller at gunpoint at his furniture store in Enon, shortly after that he was convicted of receiving stolen property or attempted receiving stolen property, was placed on community control, and while he was on community control, he was planning to rob Mr. Miller again, this time at his private residence. So, Your Honor, the State at this time would certainly request that the Court sentence the Defendant to the Ohio State Penitentiary for a significant period of time.
According to that sequence of events, Defendant-Appellant was on post-release community control when he was "casing" his victim's home, but not when he committed the crime of which he was convicted. That took place before he was convicted of receiving stolen property, for which he was sentenced pursuant to R.C.2929.15 to a term of community control. The fact that he engaged in other misconduct concerning the same victim while he was on community control is not a matter that the court is charged by R.C. 2929.12(D)(1) to consider in relation to recidivism.
Nevertheless, the court was not precluded from considering any information concerning the defendant that may be relevant to its sentencing determination. The court has broad discretion in that regard. However, the information must be subject to some process that makes it reliable, and a defendant who contests the accuracy of the information must be given the opportunity to rebut or explain it. U.S. v. Papajohn (1983), 710 F.2d 760.
The reliability factor ordinarily is satisfied when the information which the court considers is set out in a pre-sentence report prepared by the court's own probation officer. A presumption of reliability arises from the fact that the officer's first duty is to the court, as well as the fact that the officer is not a partisan on either side of the litigation. Neither of those considerations applies to the representations of the prosecutor or to those of defense counsel., Defendant-Appellant, who was probably surprised by the prosecutor's representations, objected to them but did not request a hearing in which he could rebut them. That waived whatever abuse of discretion might have resulted from overruling the objection.
In view of the vicious nature of the conduct involved in the crime of which Defendant-Appellant was convicted, it is most unlikely that the Defendant-Appellant was prejudiced by the State's representations. Even so, trial courts would do well to confine their consideration of facts collateral to those directly involved in a conviction to the recitations in a pre-sentence report. The State may present such facts as it may wish to the probation officer who drafts the report, who then may decide whether to include them. The defendant, having access to the report, has notice of its contents sufficient to avoid surprise and to permit a timely request to challenge them.